Argued July 2, affirmed July 28, 1925.

## GEORGE P. WINSLOW et al. v. AGNES BURGE ET AL.

(237 Pac. 979.)

**Adverse Possession—Not Shown Where Land in Dispute was in Possession of Common Grantor Within Ten Years of Action.**

1. Where two tracts of land were purchased from common grantor less than ten years prior to ejectment for strip claimed by both purchasers, title by adverse possession could not be shown.

**Judgment—In Ejectment Corrected to Show True Boundary, Where Evidence was Undisputed.**

2. In action of ejectment from strip between plaintiff's and defendant's lands, where judgment failed to recite boundary determined upon, but where evidence as to proper boundary was undisputed, judgment could be corrected to describe boundary, in view of Constitution, Article VII, Section 3c.

From Tillamook: George R. Bagley, Judge.

Department 2.

This is an action of ejectment for the possession of a strip of land about two feet wide and eighty feet long on the west side of lot 2, block 21, of Thayer's Addition to the City of Tillamook, County of Tillamook, State of Oregon. Judgment went for plaintiffs. Defendants appeal.

The plaintiffs allege they are the owners in fee simple and entitled to the immediate possession of said lot 2; that the defendants are in possession of the two-foot strip described, and wrongfully withhold the same from plaintiffs. The defendants, by their answer, deny the allegation in the complaint and allege that the defendant, Agnes Burge, the wife of defendant, G. W. Burge, is the owner in fee simple of lot 1, in block 21, of Thayer's Addition, Tilla-

1.  See 1 R. C. L. 758.
2.  See 15 R. C. L. 676.

mook City, Tillamook County, Oregon, and entitled to the immediate possession thereof; that said defendant is the owner of and entitled to the exclusive and immediate possession of the lands mentioned in the complaint and described therein as being two feet off of the west side of lot 2, of said block 21; that Mrs. Burge and her predecessors in interest have been in the exclusive, open, notorious and hostile possession thereof for more than ten years prior to this suit, claiming the same as owners in fee simple, "asserting, claiming, holding as owners that the same was a part of said lot one."

Defendants allege a further answer, which is not relied upon and need not be stated. Plaintiffs filed a reply putting in issue the new matter of the answer. The cause was tried before the court and a jury, and at the close of all the testimony on motion of plaintiffs, the court directed a verdict in their favor and rendered judgment to the effect that plaintiffs were the owners in fee simple and were entitled to the immediate possession of the whole of lot 2, block 21, Thayer's Addition to Tillamook, Tillamook County, Oregon, including the property described in the complaint.                    AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Frank Holmes.*

For respondents there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

BEAN, J.—Defendants assign error of the court in directing a verdict in favor of the plaintiff and entering a judgment thereon. Defendants also assign error in granting to plaintiffs any relief for the rea-

son that the defendants claim no part of lot 2, block 21, owned by the plaintiffs.

It will be noticed from the portion of the answer quoted that the defendants claim the two-foot strip as a portion of lot 1 but they do not allege that the strip is a part of lot 1. Defendants asserted title to the two-foot strip by prescription, and introduced some testimony, claiming that the same tended to show adverse possession of a portion of the strip in dispute, for a part of the time during the last ten years, prior to the commencement of this action.

1. It developed upon the trial, and is uncontroverted, that the lot 2 owned by plaintiffs and lot 1, owned by defendant Agnes Burge, was owned by the same person, or persons until August 27, 1912, and that the plaintiffs and defendant derived title to their respective lots by mesne conveyances from a common grantor. This action was begun May 27, 1922. Prior to and until August 27, 1912, one Bennett owned both lots. Of course, he could not claim any part of either adversely in favor of himself. Therefore, the defendants failed to establish title by prescription. The statutory period of ten years for acquiring title by prescription could not have run before the commencement of this action. If the case had been submitted to the jury and they had returned a verdict for defendant it would have been the duty of the court, under the evidence, to set such verdict aside. The court properly directed a verdict in favor of plaintiffs.

2. The record indicates that the two lots having been in common ownership for a time, there is some question as to where the dividing line between them is. Defendants assert in their brief that the question as to who is the owner of this strip is left

unsettled by the judgment; that the verdict says the plaintiffs are the owners and entitled to the possession of lot 2, which no one disputes; that the question is, where is lot 2, or does it cover this two-foot strip of ground?

The plaintiffs introduced the testimony of W. S. Coates, county surveyor, of that county, who had been engaged in civil engineering in Tillamook County for thirteen or fourteen years. About one year before the commencement of this action he surveyed the line between the two lots described, and again a short time before the trial of the case he resurveyed the same line; that he started at the initial point of Thayer's Addition, which is 391 feet south of the southeast corner of the Edrick Thomas Donation Land Claim, and ran the line very carefully; that the second survey checked with the first, and corresponded with the various monuments established in the City of Tillamook, which had been there for a long time; that he marked the line between lots 1 and 2 by setting a three-quarter inch gas-pipe at the northwest corner of said lot 2 and indicated the line near the southwest corner by "a tack on the top of the chicken-house." The engineer's statement is corroborated by two chainmen who assisted him, one of whom was a civil engineer. Their testimony is not contradicted.

The defendants offered some testimony in regard to a survey, and asked some questions of a witness, in regard to a survey of the line between lots 1 and 2, to which an objection was sustained by the court. No testimony was tendered as answers to the interrogatories and no error is assigned in regard to the ruling. The judgment entered being questionable or indefinite as to the west line of lot 2, or the dividing line

between lots 1 and 2, in order that the judgment may be enforced, it is hereby directed that the judgment entered be corrected by describing the west line of said lot 2 in accordance with the survey made, and marked on the ground by Engineer W. S. Coates: Art. VII, § 3c, Const. of Oregon.

After an examination of all the assignments of error, which are practically included in those mentioned, with the correction of the judgment directed, the judgment of the trial court is affirmed as corrected.                                    AFFIRMED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.